OPINION. Van Fossan, Judge: The sole issue involves the propriety of respondent’s determination that a portion of the amounts respectively received by petitioners upon the sale of their individual interests in Mainline represented payment to them of the salaries accrued on the books of that corporation in their names and that of Edward H. Green, and taxable as ordinary income. In defense of his determination respondent maintains that the forgiveness of the salary so accrued and the sale of petitioners’ stock in Mainline were parts of a single transaction; that the method employed in arriving at the sale price of the stock resulted in an increased price therefor; that in their receipt of the sale price thus inflated, petitioners actually received the salaries in question; and that so much thereof as is attributable to such salaries is properly taxable as ordinary income pursuant to the provisions of section 22 (a), Internal Revenue Code.[1] Petitioners, however, contend that the accrued salaries were forgiven by them prior to the sales by them of their stock in Mainline, and that no part of the price per share for which they sold their stock is attributable to the salaries so forgiven. They argue that under no rule of law can they be charged with receipt of the accrued salary standing in favor of Edward H. Green. Thus, it is their position that the entire amount of the gains derived from such sales was properly reported by them as long term capital gains. The question presented is essentially one of fact and petitioners’ contentions find little support in the record made. The negotiations relative to the forgiveness of the salaries in question were carried on contemporaneously with those regarding the sales of stock. The agreements covering both transactions were executed on the same date. The forgiveness of the salaries increased the book value of the stock by approximately $400 per share. The book value so increased was used as a basis for determining the sale price that was paid petitioners for the stock. Furthermore the evidence clearly shows that the Davidson-Warren group would not have agreed to pay as much per share as they actually did pay had not the liability for payment of the salaries been thus canceled. At this point it is significant to note that actual cancelation of the salaries on the books of the corporation was made only after complete compliance had been had with respect to the agreements pertaining to the sales of the stock and after the agreed sale price so inflated had been received by petitioners. Petitioners argue that respondent’s determination results in certain incongruities and they devote much of their brief to pointing up such argument. However, petitioners’ demonstration does not of itself prove error in respondent’s determination. Petitioners received more for their stock than they otherwise would have received because the liability for their accrued and unpaid salaries was disregarded in computing the sale price of the stock. Hence petitioners in substance received their accrued salaries in the guise of an inflated sale price. Nor do we agree with the petitioners’ contention that they cannot be legally charged with receipt of the accrued salary in favor of Edward H. Green. We see no reason why they should not be so charged if they, in fact, were the legal or equitable owners of the chose in action represented by such accruals. While the evidence of record is sketchy as to this question it is appropriate to assume that petitioners were thus chargeable inasmuch as they were the ones who apparently agreed to the forgiveness and cancelation thereof. In any event the respondent so determined and petitioners, upon whom lay the burden, have failed to prove otherwise. On the whole the facts we have found, based upon the evidence of record, ■ fully sustain respondent’s determination. Accordingly we answer the question posed in the affirmative and hold that a portion of the sums respectively received by petitioners upon the sale of their stock interests in Mainline in fact constituted payment of salaries accrued as due them and Edward H. Green on the books of that corporation, in the amounts determined by respondent, and that such amounts are taxable to them as ordinary income. Decisions will he entered for the respondent. SEC. 22. GROSS INCOME. (a) General Definition. — “Gross Income” includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever hind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *